Mr. A. C. Spencer Executive Director Texas State Soil and Water Conservation Board P. O. Box 658 Temple, Texas 76501
Re: Construction of constitutional dual office exemption for directors of soil and water conservation districts
Dear Mr. Spencer:
You ask:
 1. Does the constitution of the state of Texas . . . and Texas law permit a director of a local soil and water conservation district to serve on the State Soil and Water Conservation Board at the same time?
 2. Is it legal for a local soil and water conservation district director to qualify and serve in the Texas Legislature at the same time?
Soil and water conservation districts are created as governmental subdivisions of the state pursuant to article XVI, section 59 of the Texas Constitution and article 165a-4, V.T.C.S., the State Soil Conservation Law. They are public bodies corporate and politic. V.T.C.S. art. 165a-4, § 3(1). Their directors (formerly called "supervisors") are elected locally, except that the two initial directors of a district are appointed by the Soil and Water Conservation Board, a state agency created by the same legislative act. Id. §§ 5, 6. Persons occupying any of the offices about which you ask, legislators, members of the Soil and Water Conservation Board, and district directors, hold civil offices of emolument. See Tex. Const. art. III, § 24; V.T.C.S. art. 165-4a, §§ 4D, 6(h). Cf. Attorney General Opinion V-1445 (1952).
Section 40 of article XVI of the Texas Constitution generally prohibits one person from holding at the same time more than one civil office of emolument. It has been amended several times to provide for exceptions, however, and in 1972 it was amended to make an exception for officers of state soil and water conservation districts.
Section 40 of article XVI originally provided:
 No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public, and postmaster, unless otherwise specially provided herein.
Tex. Const. art. XVI, § 40 (1876). This straightforward and easy-to-understand provision applied only to civil, not military, officers but the provision has been complicated in the last half century. In 1926, the section was amended to except military offices from the prohibition against holding more than one civil office. The 1972 amendment placed exceptions for directors and other officers of soil and water conservation districts in the proviso applicable to military officers. At the same time a number of other changes were made and other exceptions were created, but none of the others tracked the "military" proviso. See S.J.R. No. 29, Acts 1971, 62nd Leg., at 4133.
Article XVI, section 40 now reads in pertinent part:
 No person shall hold or exercise at the same time, more than one civil office of emolument, except that of . . . retired enlisted men of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and the officers and directors of soil and water conservation districts, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard . . . and retired enlisted men of the United States Army, Air Force, Navy, Marine Corps, and Coast Guard, and officers of the State soil and water conservation districts, from holding at the same time any other office or position of honor, trust or profit, under this State or the United States, or from voting at any election, general, special or primary in this State when otherwise qualified. . . . No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law.
The insertion of the new exemptions for directors of soil and water conservation districts so as to be coupled with and parallel to the exemptions for persons occupying military positions is important because the exemption for military persons is more far-reaching than other section 40 exemptions. It provides that "nothing in this Constitution shall be construed to prohibit" certain military officers or enlisted men from holding at the same time any other office or position of honor, trust or profit under this state or the United States. (Emphasis added). This language has been given a literal interpretation by the Texas Supreme Court. See Cramer v. Sheppard, 167 S.W.2d 147 (Tex. 1942); Carpenter v. Sheppard, 145 S.W.2d 562 (Tex. 1940).
Although none of the reasons recited by these courts for favoring military officers with such an overriding constitutional provision are applicable to directors of soil and water conservation districts, we cannot ignore the extremely broad construction the supreme Court has previously given the particular language of section 40, nor the placement of soil and water district officers with respect thereto. We are therefore obliged to advise you that directors of soil and water conservation districts may legally occupy at the same time any other civil office of emolument without violating the constitution, and that no provision contained in the constitution at the time the 1972 amendment was adopted which restricts dual office holding is applicable to them. See, e.g., Tex. Const. art. II, § 1 (separation of powers), art. III, §§ 18, 19 (legislators); art. XVI, §§ 48 (incompatibility), 65 (candidacy for office).
The 1972 amendment also added the last sentence of section 40, reading: "No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law." (Emphasis added). It is possible to read the phrase, "other office or position," in a way that avoids another section 40 internal conflict. In order to make the last sentence of the section harmonize with the construction previously given by the supreme court to the "nothing in this Constitution" clause, it should be read as referring to military office or soil and water conservation district office.
The supreme court has not retreated from the views expressed in Cramer v. Sheppard, supra, and Carpenter v. Sheppard, supra, with respect to the "military" exemptions, and we cannot presume it would now rule that legislators who accept positions in the National Guard vacate their legislative posts. Since the constitution requires us to apply to officers of soil and water conservation districts the same constitutional exemptions applicable to officers of the state National Guard, we conclude that directors of local soil and water conservation districts may legally serve on the State Soil and Water Conservation Board. We also conclude that directors of local soil and water districts may legally qualify and serve in the Texas Legislature, at the same time.
 SUMMARY
Local soil and water conservation district directors may legally serve on the State Soil and Water Conservation Board at the same time. Such directors may legally qualify and serve in the Texas Legislature at the same time.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General